**MOUNT SINAI HOSPITAL OF GREATER MIAMI, INC.,**
**Plaintiff-Appellee,**

v.

**Caspar WEINBERGER, Secretary of Health, Education and Welfare, and Blue Cross of Florida, Inc., Defendants-Appellants.**

**No. 74–2154.**

United States Court of Appeals, Fifth Circuit.

Nov. 3, 1975.

Robert W. Rust., U. S. Atty., Robert N. Reynolds, Asst. U. S. Atty., Miami, Fla., David Cohen, App. Section, Civ. Div., Dept. of Justice, Washington, D. C., for defendants-appellants.

Kelly, Black, Black & Kenny, P. A., Miami, Fla., for Blue Cross.

Burton A. Schwalb, Washington, D. C., Lewis I. Horwitz, Miami Beach, Fla., for plaintiff-appellee.

### ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

(Opinion 8–8, 1975, 5 Cir., 1975, 517 F.2d 329).

Before BROWN, Chief Judge, and GODBOLD and CLARK, Circuit Judges.

**PER CURIAM:**

The petition for rehearing and for rehearing en banc correctly points out that our original opinion was not consistent in its references to whether the beneficiary would be liable to a provider hospital if HEW made a determination that the services were not covered and then recouped from the provider. Our view is that the provider may turn to the patient as a possible source of payment. Whether the hospital, if it cannot get voluntary payment, may successfully sue the beneficiary will depend upon the extent to which the statutory scheme permits the provider to enter into a contract with the beneficiary by which the beneficiary undertakes that responsibility, and also upon the terms of any contractual arrangement actually made. We do not, and need not, decide on this appeal the interplay of statute and right to contract. The exposure of the provider to the possibility of bearing the loss does not require us to hold that the Act does not permit inconsistent determinations of coverage or to hold that there can be only a single determination of coverage which binds everyone whether he is a party to it or not.[1] And, as we explained in the original opinion, Congress has to some degree ameliorated providers' exposure by giving them standing in the administrative determination of coverage questions and the right to judicial review. See footnote 22 and accompanying text.

Except to the extent that by this opinion we have modified our original opinion, the petition for rehearing is denied and no member of this panel nor Judge in regular active service on the court having requested that the court be polled on rehearing en banc (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the petition for rehearing en banc is denied.

---

1. The beneficiary also labors under the threat of inconsistent determinations. Despite the fact that he receives services pursuant to a coverage determination, it may be later and inconsistently determined that there was an overpayment, and HEW may choose to collect by offsetting his Title II benefits. The second determination is made in a new proceeding, not a reopening or reconsideration of the original determination, § 1395gg(b) and (c) and 20 C.F.R. § 404.901 et seq.