**MARTIN MARIETTA ENERGY SYSTEMS, INC., et al.,**
Plaintiffs,

v.

**Lynn MARTIN, United States Secretary of Labor, et al., Defendants.**

No. CIV 3–92–0871.

United States District Court,
E.D. Tennessee,

March 3, 1993.

Robert L. Crossley, Baker, Worthington, Crossley, Stansberry & Woolf, Knoxville, TN and G. Wilson Horde, and Robert M. Stivers, Jr., Martin Marietta Energy Systems, Inc., Oak Ridge, TN, for Plaintiffs.

Pamela G. Steele, U.S. Department of Justice, Office of U.S. Attorney, Knoxville, TN; David A. Stuart, and Christopher VanRiper, Stuart & VanRiper, Clinton, TN, for Defendants.

## *MEMORANDUM OPINION*

JORDAN, District Judge.

This civil action is before the court for consideration of the plaintiffs' motion for a preliminary injunction [doc. 10]. The court heard argument on this motion on January 22, 1993, and allowed the parties to file post-argument briefs.

After the argument on January 22, the United States, on behalf of the defendants the Secretary of Labor (now Robert B. Reich) and the Department of Labor, moved to dismiss this civil action [doc. 16]. The defendant William K. Reid filed a similar motion [doc. 14]. The issues presented by these motions to dismiss are inseparable from the moving defendants' grounds of opposition to the extraordinary relief which the plaintiffs seek. The parties have briefed fully all of the issues presented. The court is therefore prepared to consider all of the pending motions.

This suit arises out of the defendant Dr. Reid's commencement of a "whistleblower" proceeding by filing with the Wage and Hour Division of the Department of Labor an administrative complaint alleging that the plaintiffs here, and others, have discriminated against him in violation of the employee protection provisions of The Clean Air Act, 42 U.S.C. § 7622, The Toxic Substances Control Act, 15 U.S.C. § 2622, The Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9610, The Safe Drinking Water Act, 42 U.S.C. § 300j–9(i), The Water Pollution Control Act, 33 U.S.C. § 1367, The Solid Waste Disposal Act, 42 U.S.C. § 6971, and The Energy Reorganization Act, 42 U.S.C. § 5851. Dr. Reid says in his administrative complaint, as amended, that he has been investigating the etiology of certain diseases which he finds in individuals in the Oak Ridge, Tennessee area, and that his investigation has inspired the plaintiffs in the suit before this court, together with others, to take retaliatory measures against him, such as, he says, pressuring the hospital where he admits patients to revoke his staff privileges.

The plaintiffs here, defendants in the administrative proceeding, contend that the Department of Labor is outside its jurisdiction in acting on this administrative complaint for two reasons, that Dr. Reid was never an employee of any of them, as the term "employee" is used in the various employee protection or whistleblower statutes relied on by him, and that Dr. Reid's activity, investigating the etiology of certain diseases, is not activity protected by these statutes. The parties who are plaintiffs here won in the first round of the administrative proceeding, and Dr. Reid has now appealed and obtained a hearing before an administrative law judge. Therefore, the persons who are plaintiffs here, and who seek a preliminary injunction, are not currently subject to any adverse administrative finding, action, or order, and the only burden imposed on them at present by the continued maintenance of the administrative proceeding is the financial burden of defending against Dr. Reid's administrative

charges at the administrative law judge's level.[1]

The thrust of the plaintiffs' argument in support of their motion for a preliminary injunction is found in one sentence in their brief: "While normally parties must exhaust their administrative remedies prior to enlisting the assistance of the federal courts, there is an exception in cases where there has been a patent violation of an agency's authority." [Doc. 11 at 14–15.] The court respectfully concludes that this is not a case in which this narrow exception applies.

The court's analysis begins with a case on which the plaintiffs rely heavily, *Mount Sinai Hospital of Greater Miami, Inc. v. Weinberger*, 376 F.Supp. 1099 (S.D.Fla. 1974), *reversed on other grounds*, 517 F.2d 329, *modified on petition for rehearing and petition for rehearing en banc*, 522 F.2d 179 (5th Cir.1975), *cert. denied, sub nom. Mt. Sinai Hospital of Greater Miami, Inc. v. Mathews*, 425 U.S. 935, 96 S.Ct. 1665, 48 L.Ed.2d 176 (1976). In *Mount Sinai Hospital*, the case arose when the Secretary of Health, Education and Welfare determined that the hospital had charged the Medicare fund for millions of dollars worth of unnecessary procedures, and that recoupment of these charges would be accomplished by withholding amounts to be paid to the hospital in the future. The hospital sought injunctive relief on the ground in part that this method of recoupment would impair its cash flow to such an extent that it would be unable to provide essential services to the community served by it.

The issue on appeal to the Court of Appeals for the Fifth Circuit was whether the district court had erred in holding that the Medicare amendments to the Social Security Act had displaced the government's common-law right of recoupment. This is the issue on which the court of appeals reversed the district court's order awarding an injunction, which is irrelevant to the case at bar. The importance of *Mount Sinai Hospital* in the suit before this court lies in District Judge James Lawrence King's discussion of such agency law principles as finality and exhaustion of administrative remedies.

However, the administrative proceeding in *Mount Sinai Hospital* was final in ways in which Dr. Reid's proceeding before the Department of Labor is not. In the hospital case, HEW had notified the hospital of its decision after review of hospital records by a peer review group, and had announced its intention to begin recoupment immediately. (In the Medicare program, hospitals receive periodic payments based on estimates of the total amounts to which they will be entitled, so as not to impair their cash flows.) As the court of appeals noted in its opinion, 517 F.2d at 336,

> [A]t the time the dispute leading to this litigation occurred no regulation provided any right to hearing or review. The regulation utilized by HEW and relied on by HEW in this litigation was promulgated pursuant to [42 U.S.C.] § 1395g. It authorizes HEW to suspend payments to a provider in whole or in part when HEW determines that the provider has been overpaid, 20 C.F.R. § 405.370(a)(1), or has reliable information to that effect, 20 C.F.R. § 405.370(a)(2). This section provides for no "hearing" properly so called beyond a right to a statement from HEW of the reasons for the suspension and a privilege to submit information to show that the suspension should not be put into effect, 20 C.F.R. § 405.371(a), or would cause irreparable harm, 20 C.F.R. § 405.373(a).

District Judge King relied on this aspect of the administrative proceeding against Mount Sinai Hospital in several places in his opinion. For example: "[i]n the absence of any administrative hearing and appeal procedure, there is no need to protect the integrity of

---

**1.** The plaintiffs in this lawsuit are Martin Marietta Energy Systems, Inc., its parent corporation, Martin Marietta Corporation, Dr. Daniel E. Conrad, and G. Gordon Fee. The defendants named by the plaintiffs are the Secretary of Labor and the Department of Labor, Dr. Reid, and Dr. Reid's wife, Sandra Reid. It appears that Dr. Reid, but not Sandra Reid, appealed from the findings made by the Wage and Hour Division of the Department of Labor, and that his appeal does not extend to the findings in favor of Martin Marietta Corporation and G. Gordon Fee. The parties have not moved to amend the pleadings to reflect who remains interested in the outcome of this lawsuit.

the administrative process; and where no administrative record has been prepared, limiting the scope of judicial review fails to serve any paramount purpose." 376 F.Supp. at 1106–07. He noted that judicial intervention might have been premature at the time that HEW advised the hospital that it was considering recoupment by a partial suspension of payments, but that it was not premature once the decision had been made to enforce the suspension immediately. *Id.* at 1116. He noted that the applicable regulations contemplated no consideration by the responsible agency of issues of statutory authority and constitutionality. *Id.* He noted also that the applicable regulations did not mandate an administrative review of the suspension order once it went into effect, but merely authorized such a review. *Id.* at 1124 (footnote omitted).

In all of these respects, the proceeding which the plaintiffs here want enjoined is different. Not only can the Department of Labor consider its statutory authority or jurisdiction to consider Dr. Reid's administrative complaint, its Office of the Solicitor has already done so. No final, adverse agency action against the plaintiffs has yet been taken, and, if one had been taken, an appeal by them to an administrative law judge would have been available. There is in this case an administrative review and appeal procedure, in which the appeal results in the creation of an administrative record.

Another case on which the plaintiffs here rely is *United States v. Cabrini Medical Center,* 639 F.2d 908 (2d Cir.1981). In that case, the court of appeals held that it was error not to dismiss the government's action to compel the medical center to permit it to investigate a former employee's charge of discrimination. The investigating agency was the Office of Civil Rights of the Department of Health and Human Services, which is authorized to investigate charges of discrimination against disabled persons by employers which receive federal government assistance which has the primary objective of providing employment. The only assistance

which the medical center received was under the Medicare and Medicaid programs, which the court held did not qualify as programs which have the primary objective of providing employment. The court of appeals therefore concluded that the investigating agency had no jurisdiction in the case.[2]

There is not in *Cabrini Medical Center* any discussion of agency law principles of finality and exhaustion of administrative remedies. The court of appeals stated, 639 F.2d at 910, "Here, only the purely legal question of statutory jurisdiction was before the district court; nothing OCR's intended investigation might reveal could create jurisdiction if it does not exist on the facts before us." This is precisely the point of distinction between *Cabrini Medical Center* and the case before this court. The issues of whether Dr. Reid was an employee of any of the defendants named in the administrative proceeding commenced by him, and of whether he was engaged in any activity protected by one or more of the statutes on which he relies, are not purely legal issues; they present mixed questions of fact and law which can be answered only after an investigation of the underlying facts, a chore within the authority of the investigating agency, and for which it, unlike a district court, has resources.

"The doctrine that administrative remedies must be exhausted prior to judicial review of agency action is a well established principle of judicial administration." *Mount Sinai Hospital, supra,* 376 F.Supp. at 1123, *citing Myers v. Bethlehem Shipbuilding Corporation,* 303 U.S. 41, 50–51, 58 S.Ct. 459, 463–64, 82 L.Ed. 638 (1938). An administrative remedy is considered inadequate, justifying judicial intervention, if it fails to protect against irreparable injury, but this criterion is not met simply by the expense of litigation, as opposed to financial injury resulting from the forfeiture of a right. *Mount Sinai Hospital,* 376 F.Supp. at 1124 (footnotes omitted), *citing Myers v. Bethlehem Shipbuilding Corporation, supra.*

---

**2.** *Cabrini Medical Center* was overruled in *Consolidated Rail Corporation v. Darrone,* 465 U.S. 624, 104 S.Ct. 1248, 79 L.Ed.2d 568 (1984), in which the Supreme Court held the requirement

that the employer have received assistance from the federal government with the primary objective of providing employment not applicable in suits of this nature.

Courts have stated in different ways the narrow exceptions to the rule against judicial intervention in an administrative proceeding before there exists a final administrative order for judicial review. In *Borden, Inc. v. Federal Trade Commission*, 495 F.2d 785 (7th Cir.1974), Borden complained that the FTC had not, in violation of the agency's own internal rules or procedures, disclosed to Borden, at the time of a request for information, that the FTC was considering charging Borden with having combined with another to effect price stabilization. Borden applied to a district court for an injunction prohibiting the FTC from proceeding on this charge after an administrative law judge had refused to dismiss the charge and had refused to certify the issue to the FTC. The court of appeals upheld the district court's denial of injunctive relief, noting that the issue of disclosure of the charge could be raised on appeal from the FTC's final order, and stating the general rules as follows:

> It is well settled that ordinarily courts will not interfere with an agency until it has completed its action and that administrative remedies may be bypassed only if (1) the agency has clearly violated a right secured by statute or agency regulation; (2) the issue involved is a strictly legal one not involving the agency's expertise or any factual determinations; or (3) the issue cannot be raised upon judicial review of a later order of the agency.

*Id.* at 786–87 (citations omitted) (footnote omitted).

In *Shawnee Coal Company v. Andrus*, 661 F.2d 1083 (6th Cir.1981), the court of appeals for this circuit stated a somewhat different list of exceptions to the requirement of exhaustion of administrative remedies:

> Although exhaustion of administrative remedies is typically required as a condition for judicial review, the requirement is not absolute. The doctrine must be applied in each case with an understanding of its purposes and the particular administrative scheme involved. Where pursuit of administrative remedies does not serve the purposes behind the exhaustion doctrine, the courts have allowed a number of exceptions. Thus, exhaustion is not required if

administrative remedies are inadequate or not efficacious; where pursuit of administrative remedies would be a futile gesture; where irreparable injury will result unless immediate judicial review is permitted; or where the administrative proceeding would be void. Another exception to the exhaustion doctrine is that a litigant may bypass available administrative procedures where there is a readily observable usurpation of power not granted to the agency by Congress.

*Id.* at 1092–93 (citations omitted) (footnote omitted).

In *Shawnee Coal Company*, the plaintiff sought injunctive relief against the Secretary of the Interior under the last exception stated above, contending that the secretary was beyond the scope of his authority in taking administrative action under the Surface Mining Control and Reclamation Act of 1977 against its tipple operation, because this operation was no longer affiliated with a coal removal operation of the plaintiff. The plaintiff relied on statutory language which defined surface coal mining operations, the subject of regulation and administrative action under the act, in terms of activities "in connection with a surface coal mine." The plaintiff insisted that because this was an issue of statutory construction and the permissible scope of the defendant secretary's authority, it could obtain judicial relief without exhausting its administrative remedies.

The court of appeals disagreed, characterizing the exception on which the plaintiff relied as "a narrow anomaly reserved for extreme situations." *Id.* at 1093 (citation omitted).

> [E]ven when the issue of agency jurisdiction is raised, the exhaustion doctrine generally requires that an agency be accorded an opportunity to determine initially whether it has jurisdiction. In many circumstances it is easier to theorize than to discern when an agency's action is so far out of bounds, so beyond the realm of its delegated authority that [this] exception should be invoked. In grappling with this problem the courts have employed three criteria for determining whether the exhaustion requirement should be waived: 1)

is the agency's jurisdiction conspicuously lacking; 2) will the agency's expertise assist in resolving the jurisdictional issue; and 3) will exhaustion of administrative remedies result in irreparable harm to the claimant.

*Id.* (citations omitted).

*Shawnee Coal Company* argues persuasively against granting the plaintiffs any relief in the suit before this court. Like the coal company in that case, the plaintiffs here argue that theirs is a case in which the scope of the defendant Secretary of Labor's authority can be determined solely by judicial construction of the language used in the employee protection statutes. While the court of appeals in *Shawnee Coal Company* devoted a substantial portion of its opinion to the statutory issue presented by the operation of the tipple apart from any coal removal operation, the court was careful to point out that it was examining the issue only in the context of the larger issue of finality and exhaustion of administrative remedies: "Our observations on the issue are relevant only to whether it is clear that the Secretary is without jurisdiction." *Id.* at 1094.

The issue of statutory construction in the suit before this court is even less a clearly legal issue than the one in *Shawnee Coal Company.* As courts have learned in a variety of contexts, ranging from workers compensation and unemployment compensation to *respondeat superior* to antidiscrimination laws, the answer to the question whether B is A's employee depends upon a number of factors weighed against one another, and can depend also on the reason why the question is posed. In the specific context of the enforcement of rights under the whistleblower statutes in the various federal antipollution laws invoked by Dr. Reid, this means that this court is unable to say either that the defendant secretary's jurisdiction of the proceedings on Dr. Reid's administrative complaint is "conspicuously lacking," or that the defendant secretary's expertise will not be of any assistance in resolving the jurisdictional issue presented. The latter is especially true in light of the fact that the Secretary of Labor is called on in other contexts to resolve the issue whether one is an employee of

another. *See, e.g.,* 29 U.S.C. § 216(c) (enforcement by the Secretary of Labor, under certain circumstances, of employees' rights under the Fair Labor Standards Act to unpaid minimum wages or unpaid overtime compensation); 29 U.S.C. § 626(d) (enforcement by the Secretary of Labor of employees' rights under the Age Discrimination in Employment Act); 29 U.S.C. § 655 (promulgation by the Secretary of Labor of occupational health or safety standards under the Occupational Safety and Health Act, which standards govern "employers" and "employees" under 29 U.S.C. § 654).

As for whether requiring the plaintiffs here to continue to defend themselves against Dr. Reid's administrative complaint to the conclusion of the agency proceeding will cause these plaintiffs irreparable harm, the court has already ruled, on the authority of *Mount Sinai Hospital, supra,* that the expense of litigation in the administrative proceeding is not sufficient to show such irreparable harm. *See also Borden, Inc. v. Federal Trade Commission, supra,* 495 F.2d at 789 (citations omitted): "[T]he district court properly recognized that Borden's claim of irreparable injury based upon the cost and inconvenience of defending itself in administrative proceedings is not alone sufficient to justify judicial intervention in the administrative process."

None of the other exception listed in *Borden, Inc.* and *Shawnee Coal Company* apply in the case at bar. The court has concluded, for the reasons stated above, that the Secretary of Labor is not clearly violating any right of the persons who are plaintiffs here, and that the issue which these plaintiffs seek to raise here is not "a strictly legal one not involving the [secretary's] expertise or any factual determinations." This answers any objection that the administrative proceeding is void. The plaintiffs here must concede that at the conclusion of the administrative proceeding commenced by Dr. Reid, they will have an opportunity to seek judicial review of any adverse determination, jurisdictional or otherwise.

This last point answers the plaintiffs' argument that their continued litigation of the jurisdictional issue in the administrative pro-

ceeding would be futile. These parties argue that the administrative law judge is unlikely to reverse the Wage and Hour Division's conclusion that jurisdiction exists under the various whistleblower statutes, but this is an entirely speculative attack on the administrative law judge's independence of mind. In any event, the plaintiffs' futility argument appears disingenuous when it is considered that they have yet to lose on the merits in the administrative proceeding.

The parties are in agreement concerning the four factors for consideration in determining whether to grant or withhold preliminary injunctive relief:

> In determining on appeal whether the district court abused its discretion in granting or withholding preliminary injunctive relief, this circuit has set forth four standards which must be considered: 1) whether the plaintiffs have shown a strong or substantial likelihood or probability of success on the merit (sic); 2) whether the plaintiffs have shown irreparable injury; 3) whether the issuance of a preliminary injunction would cause substantial harm to others; 4) whether the public interest would be served by issuing a preliminary injunction.

*Tyson Foods, Inc. v. McReynolds,* 865 F.2d 99, 101 (6th Cir.1989) (citations omitted). What the court has stated above in this memorandum opinion is sufficient to indicate the court's conclusion that the plaintiffs here have failed to meet their burden under any of these standards to justify the injunction which they seek.

In a supplemental citation of authority filed recently [doc. 22], the plaintiffs in this lawsuit argue that the recent decision of the United States Supreme Court in *Nationwide Mutual Insurance Company v. Darden,* 503 U.S. 318, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992), in which that court held that the word "employee" in the Employee Retirement Income Security Act is to be construed in accordance with "the general common law of agency," 503 U.S. at 322 n. 3, 112 S.Ct. at 1348 n. 3 (citation omitted), "completely undermines the liberal approach suggested by the Department of Labor and Dr. Reid." [Doc. 22 at 2.] This is perhaps true, but it

has nothing to do with whether this court should make such a decision now, or whether this court or a court of appeals having jurisdiction should await a final agency decision before addressing the issue. For the reasons already stated, this court concludes that the latter course is dictated by the requirements of the doctrine of exhaustion and finality in this case.

The plaintiffs having failed to show themselves entitled to any injunctive or declaratory relief in this lawsuit, the court finds the pending motions to dismiss well taken. The court will accordingly deny the motion for a preliminary injunction, and grant the motions to dismiss.